IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| BROOKE CORPORATION, et. al, | ) | Bankr. Case No. 08-22786 |
| | ) | Chapter 7 |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| CHRISTOPHER J. REDMOND, | ) | |
| Chapter 7 Trustee of Brooke Corp., | ) | |
| Brooke Capital Corp., and | ) | |
| Brooke Investments, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-2380-JWL |
| | ) | (Adv. Case No. 10-06193) |
| THE PROGRESSIVE CORPORATION | ) | |
| d/b/a PROGRESSIVE INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This adversarial proceeding comes before the Court on the motion by defendant The Progressive Corporation d/b/a Progressive Insurance to dismiss the claims asserted against it by plaintiff Bankruptcy Trustee in the amended complaint (Doc. # 22). For the reasons set forth below, the motion to dismiss is **granted in part and denied in part**. The motion is granted with respect to Counts I and IV of the amended complaint, which are hereby dismissed. The Trustee is granted leave to file, on or before **January 27, 2012**, a second amended complaint stating a cognizable and plausible claim for

fraudulent transfer in accordance with this opinion. The motion is denied with respect to Counts II and III.

### I.     **Background**

Plaintiff is the Bankruptcy Trustee for debtors Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc. (collectively "Brooke"). The Trustee's amended complaint alleges the following facts. Brooke set up franchises of insurance agents who sold insurance policies written by various insurers, including defendant. Brooke Agency Services Company, LLC ("BASC"), an entity related to Brooke, entered into agency agreements with the insurers, under which BASC was obligated to hold premium payments from customers or franchisee agents in trust and then to remit those payments (less fees and commissions) to the insurers. In fact, monies representing premiums were commingled with Brooke funds, and Brooke made payments to the insurers to account for the premiums due to the insurers. In some cases, Brooke made premium payments to the insurers even though the customers or agents did not pay the premiums to Brooke or BASC. The complaint also details Brooke's financial problems and failed business model leading to its bankruptcy filing in October and November 2008. The Trustee also attached as an exhibit to the complaint a list of all transfers, totaling over $30 million, from Brooke to defendant from October 2006 to October 2008, including $2,287,319.11 transferred in the ninety days preceding the

bankruptcy filing. The complaint also incorporates by reference bank statements previously provided to defendant that show transfers from Brooke to defendant between October 2004 and October 2006.

The Trustee seeks to avoid as fraudulent transfers payments from Brooke to defendant during the four-year period preceding the bankruptcy filing, pursuant to 11 U.S.C. § 548(a)(1)(B) and K.S.A. §§ 33-204(a)(2) and 33-205(a). The Trustee also seeks to avoid as preferences payments from Brooke to defendant during the ninety-day period preceding the bankruptcy filing, pursuant to 11 U.S.C. § 547. Defendant has moved to dismiss the amended complaint in its entirety.

**II.     Standard for Motion to Dismiss**

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal*

*v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555.  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III.     **Fraudulent Transfer (Count I)**

As noted above, Count I alleges fraudulent transfers by Brooke to defendant pursuant to 11 U.S.C. § 548(a)(1)(B) and K.S.A. §§ 33-204(a)(2) and 33-205(a).[1]  Those statutes allow for the avoidance of certain transfers in exchange for which the debtor received less than a "reasonably equivalent value" ("REV").  *See* 11 U.S.C. § 548(a)(1)(B); K.S.A. §§ 33-204(a)(2), -205(a).  "Value" includes satisfaction of an antecedent debt of the debtor.  *See* 11 U.S.C. § 548(d)(2)(A); K.S.A. § 33-203(a).  The Trustee bears the burden to show that the debtor received less than REV.  *See Zubrod v. Keffer (In re Keffer)*, 2004 WL 632875, at *2 (B.A.P. 10th Cir. Mar. 26, 2004) (unpub. op.) (citing *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 535 (1994)).  The Court does

---

[1] In a footnote, defendant states that because the Trustee failed in Count I to invoke 11 U.S.C. § 544 to assert state-law claims, the Kansas statutory claims should be dismissed.  The Court declines this invitation, however, as defendant has not identified any authority requiring such a citation.  Defendant has not shown or argued that the Court lacks jurisdiction over the state-law claims asserted in the amended complaint.

4

not follow a *per se* rule by which any payment for an antecedent debt constitutes REV; rather, the Court must examine the particular facts and compare the value of the property transferred by the debtor to the amount of the antecedent debt, in order to determine whether REV has been exchanged. *See Stillwater Nat'l Bank & Trust Co. v. Kirtley (In re Solomon)*, 299 B.R. 626, 633-37 (B.A.P. 10th Cir. 2003) (analyzing caselaw and concluding that Tenth Circuit would take such an approach).[2]

Defendant argues that Brooke's transfers to defendant were in satisfaction of an antecedent debt owed to defendant and thus were for REV, and that the Trustee therefore has not stated a plausible claim for a fraudulent transfer. Defendant relies on the agency agreement between BASC and defendant, which also included Brooke's guarantee of any obligation of BASC to defendant.[3] Defendant argues that any payments by Brooke

---

[2] The parties have relied solely on caselaw relating to 11 U.S.C. § 548 and have not analyzed the state-law claim separately; thus, the Court also presumes that the federal and state claims survive or fall together with respect to this issue.

[3] In ruling on a motion to dismiss, "[i]n addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). The Trustee objects to an award of summary judgment before discovery has been undertaken, but this rule allows for the consideration of documents without conversion of the motion to a motion for summary judgment. Thus, the summary judgment requirement that documents be supported by an affidavit or testimony, cited by the Trustee, does not apply. The Trustee has not disputed the authenticity of the agency agreement (indeed, the agreement came from files produced by the Trustee); thus, the Court will consider the agreement with its guarantee. The Court notes, however, that based on a reasonable reading of the amended complaint as a whole, including the explicit allegation that the payments from Brooke to defendant satisfied an antecedent debt, *see infra*, it would reach the same result even
(continued...)

satisfied an obligation (i.e., an antecedent debt) under the guarantee to ensure that defendant received payments equal to the amount of premiums due for insurance written by defendant. *See* 11 U.S.C. § 101(12) (in Bankruptcy Code, "debt" means liability on a claim); *id.* § 101(5)(A) ("claim" means a right to payment, whether or not reduced to judgment or liquidated or disputed); *Gill v. Winn (In re Perma Pac. Props.)*, 983 F.2d 964, 967 (10th Cir. 1992) (analogizing to a case involving a guarantee in holding that the transfer of property pledged to secure a loan to a third party constitutes satisfaction of an antecedent debt).

The Trustee responds that there were two types of payments made by Brooke to defendant: first—comprising the bulk of the transfers from Brooke to defendant—those occurring in instances in which the corresponding premiums in fact reached Brooke or BASC at some point; second, those occurring when neither Brooke nor BASC nor a Brooke agent ever received the corresponding premiums from the insured. The Trustee concedes that, in the first scenario, if Brooke had an obligation under the guarantee, the corresponding payments to defendant "may not be constructively fraudulent because the satisfaction of antecedent debt would constitute reasonable equivalent value." The Trustee does not offer any argument why it would be able to avoid those payments as fraudulent under Section 548 or state law, and it appears that the Trustee intends only to pursue payments made by Brooke under the second scenario, which, according to the

---

[3](...continued)
if it did not consider the agreement.

Trustee, total $21,935.09. The Court agrees that the Trustee should not be allowed to pursue any claim for the first type of payments.

The problem with the amended complaint, however, it that a reasonable reading indicates an intent to include *all* payments from Brooke to defendant in the relevant time period, including the $30 million in payments listed on the exhibit to the complaint, within the scope of the fraudulent transfer claim. Although the complaint alleges that in some instances Brooke "fronted" premiums by paying defendant before it received those premiums from the customers, it does not distinguish between the two types of payments discussed in the Trustee's brief. Thus, the complaint sweeps in a large amount of innocent conduct and does not state a plausible claim that any particular payments within the universe of payments referenced were fraudulent. Count I of the amended complaint is therefore subject to dismissal, although the Court would ordinarily allow the Trustee to amend that count to make clear the type of payments alleged to be fraudulent and the theory supporting that allegation.

The Court must first consider, however, whether the second type of payments described by the Trustee should also be considered to have been in satisfaction of an antecedent debt and for REV as a matter of law. Defendant argues that the agency agreement and guarantee make BASC and Brooke liable for any premium payments for insurance written by defendant, whether or not the customer paid BASC or Brooke, and those documents do support that argument on their face. The Trustee argues that, in the

second scenario, Brooke's overall net value is affected by the payments to defendant because it did not receive a corresponding payment from the customer. The Trustee has not explained, however, why the overall net value would also be unaffected if those payments erased a corresponding liability to defendant. The Trustee states that "in instances where an insured remitted no funds to BASC, [Brooke] had no obligation to make payments to [defendant] even though the monthly insurance premium would have been owed by the insured." That statement, offered with no further explanation, would appear to be incorrect, however, as the agency agreement and guarantee establish that BASC and Brooke would have been liable to defendant even if no premiums reached Brooke, as any sale of insurance without a prior payment from the customer would constitute a breach of the agency agreement with defendant. The Trustee has not explained, either in the complaint or in its brief, why Brooke was not liable to defendant for all premiums under either the first or the second scenario. Indeed, in Paragraph 113 of Count II of the amended complaint, the Trustee stated as a matter of fact that "[w]henever [Brooke] transferred funds to Defendant such transfers were on account of an antecedent debt because Brooke Capital was satisfying, in whole or in part, Defendant's claim against it." That allegation directly contradicts the conclusory allegation in Count I that any transfers were *not* for an antecedent debt.

The Trustee also states that "[w]ithout discovery, it is not even known whether [defendant] issued a policy for the payment" under the second scenario. Of course, a

8

party is not permitted to file a claim based solely on the hope of finding a basis for that claim in discovery. The amended complaint does not contain any plausible claim or allegation that defendant was overpaid in the sense that it received payments from Brooke for policies never written. To the contrary, the complaint, taken as a whole, indicates that the payments from Brooke related to particular policies issued by defendant—a reading supported by the admission in Paragraph 113 that the payments were for an antecedent debt.

Accordingly, the Court will grant leave to the Trustee to amend Count I in an attempt to state a cognizable and plausible claim for fraudulent transfer, limited to the second scenario discussed by the Trustee in his brief. The amended claim will need to articulate a plausible theory why the allegedly fraudulent payments were not for REV in light of the agency agreement and its guarantee. If the Trustee is unable to assert such an amended claim, Count I will remain dismissed.[4]

---

[4] Defendant also argues that Brooke received intangible benefits from paying defendant that constitute REV for those payments. The Court rejects that argument for purposes of this motion to dismiss, as a fact issue would arise concerning the value of those intangible benefits. *See Stillwater Nat'l Bank & Trust*, 299 B.R. at 633-37 (in REV analysis, value received must be compared to the payments sought to be avoided).

The Court also rejects defendant's argument that Count I should be dismissed as a sanction for the Trustee's failure to comply timely with a Bankruptcy Court order requiring the Trustee to provide defendant with certain information concerning the details of the claims. Defendant concedes that that order is no longer in force now that the case has been removed to this Court. Moreover, defendant does not dispute that the Trustee has now provided the information, and thus defendant has not suffered prejudice warranting such a harsh sanction.

### IV. <u>Preference (Count II)</u>

In Count II of the amended complaint, the Trustee seeks to avoid as preferences all payments by Brooke to defendant in the ninety days preceding the bankruptcy filing, pursuant to 11 U.S.C. § 547. Defendant seeks dismissal of this claim under the affirmative defense set forth in Section 547(c)(2)(A), which provides that a trustee may not avoid a transfer under Section 547 "to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was . . . made in the ordinary course of business or financial affairs of the debtor and the transferee." *See* 11 U.S.C. § 547(c)(2)(A); *see also id.* § 547(g) (party against whom recovery is sought has the burden of proving the nonavoidability of a transfer under subsection (c)). The Tenth Circuit has instructed that this statutory defense should be narrowly construed. *See Jobin v. McKay (In re M&L Bus. Machine Co.)*, 84 F.3d 1330, 1339 (10th Cir. 1996).

In arguing that Brooke's payments were made in the ordinary course of business, defendant notes the consistency of the payments both before and during the ninety-day preference period, as shown by the list of payments attached to the amended complaint. *See Jagow v. Grunwald (In re Allied Carriers Exchange, Inc.)*, 375 B.R. 610, 616 (B.A.P. 10th Cir. 2007) (under this defense, Court should compare transfers before the preference period with those during the period). The Court concludes, however, that this fact-dependent defense, on which defendant bears the burden of proof, cannot be decided

10

at this stage as a matter of law. Defendant cites only one case in which a court granted a motion to dismiss based on this affirmative defense. *See Official Committee of Unsecured Creditors v. National Amusements, Inc. (In re Midway Games Inc.)*, 428 B.R. 303, 324 (Bankr. D. Del. 2010). In that case, however, which involved fee payments to directors of the debtor, the court discussed only the legal issue of whether another provision of Section 547 trumped the defense in Section 547(c)(2). *See id.* Thus, that case does not provide support for the argument that this affirmative defense is properly resolved on a motion to dismiss in a case that turns on its particular facts.

The Trustee was not required to negate defendant's affirmative defense in his complaint, and without a consideration of the totality of the circumstances, the Court cannot conclude that defendant has established this affirmative defense as a matter of law based solely on the list of payments. *See id.* (factors to be considered include the totality of the circumstances). Accordingly, defendant's motion to dismiss is denied with respect to Count II.

### V.    Counts III and IV

Count III of the amended complaint does not assert an independent cause of action, but instead relates to the recovery of avoidable transfers to defendant pursuant to 11 U.S.C. § 550 and K.S.A. § 33-207. Defendant's sole argument relating to Count III is that it should also be dismissed if Counts I and II, on which it depends, are

dismissed. The Court has denied defendant's motion for dismissal of Count II; thus the Court also denies the motion for dismissal of Count III.

In Count IV, the Trustee seeks disallowance, pursuant to 11 U.S.C. § 502(d), of any proof of claim filed by defendant. The Trustee does not dispute defendant's statement, however, that it has not filed any proof of claim. Accordingly, Count IV is dismissed.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss (Doc. # 22) is **granted in part and denied in part**. The motion is granted with respect to Counts I and IV of the amended complaint, which are hereby dismissed. The Trustee is granted leave to file, on or before **January 27, 2012**, a second amended complaint stating a cognizable and plausible claim for fraudulent transfer in accordance with this opinion. The motion is denied with respect to Counts II and III.

IT IS SO ORDERED.

Dated this 13th day of January, 2012, in Kansas City, Kansas.

\

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge