IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **BROOKE CORPORATION,** *et al.,* | ) | Case No. 08-22786-DLS |
| | ) | (Jointly Administered) |
| Debtors. | ) | Chapter 7 |
| _____ | ) | |
| **CHRISTOPHER J. REDMOND,** | ) | |
| Chapter 7 Trustee of Brooke | ) | |
| Corporation, Brooke Capital | ) | |
| Corporation and Brooke Investments, | ) | |
| Inc., | ) | |
| | ) | Case No. 11-2380-JWL |
| Plaintiff, | ) | (Adv. Case No. 10-06193) |
| | ) | |
| vs. | ) | |
| | ) | |
| **THE PROGRESSIVE CORPORATION,** | ) | |
| d/b/a Progressive Insurance, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY AND PRIVILEGE ISSUES**

The parties have requested that this Court, Pursuant to Fed. R. Civ. P. 26(c), Fed. R. Evid. 502(d) and 11 U.S.C. § 105, enter an Order Regarding Confidentiality and Privilege Issues. The Plaintiff is the Chapter 7 Trustee of Brooke Corporation, et al. Prior to the bankruptcy filing, Brooke operated as an insurance franchisor. Defendant is an insurance company whose product(s) was/were sold to insured by Brooke agents. Given that the there was a significant amount of insurance and other financial information, and customers' personal identification information exchanged and/or possessed by the parties which is relevant to this matter, the Court finds that there is good cause for entry of an appropriate protective order. As such, for good cause shown, the Court enters this Protective Order Regarding Confidentiality and Privilege Issues (the "Protective Order"). Accordingly,

1

IT IS HEREBY ORDERED AS FOLLOWS:

1. <u>Purpose and Applicability to All Adversary Proceedings and Contested Matters</u>. In order to meaningfully facilitate the exchange of Confidential Information (as defined below), any information, thing or document (or any portion thereof) subject to discovery or otherwise provided in the course of this litigation shall be governed by the terms of this Protective Order.

2. <u>"Confidential Information" Defined</u>:  Any document or electronically stored information of any party or third party which is received by a party for the first time in the applicable adversary proceedings(s) or contested matter(s) shall be deemed to constitute "Confidential Information" if it contains any of the following: Any social security numbers, birth dates, account numbers, insured names, insured lists, customer lists, pricing information, sales and commission data for identified franchise and Allstate agents, credit files for designated agents, tax returns, financial statements and credit reports contained in those files or any other document or electronically stored information containing similar information.  Any other party or third party may also designate its own documents as "Confidential" to the extent such document contains proprietary or confidential information not otherwise encompassed by the definition of "Confidential Information."

3. <u>Designation of "Confidential Information" by any Party</u>:  Any document produced by any party containing any "Confidential Information" shall be subject to the provisions of this Protective Order.  At the time of the production of paper or electronic records for examination and review while in the custody of the party producing the documents, it is not necessary to have marked them confidential.  However, at the time of delivery of copies of paper or electronic documents to the party requesting production, the Parties shall designate any document containing Confidential Information by marking it "Confidential" or may redact the Confidential Information so as to minimize the risk that such information is not inadvertently disclosed to some third party.  Certain documents to be produced in Excel, native, or other similar format, are not subject to being marked or redacted, and the Parties agree that they shall be treated as confidential despite the lack of marking, but this only shall apply to specific categories of documents that, by agreement of the parties, are not subject to such marking.  At this time, it is agreed that the Parties will treat the following as "Confidential" notwithstanding the lack of marking: (a) Franchise Agent Statements, and (b) the Brooke Capital SQL/accounting database (including extractions from such database into Microsoft Access or other format).  To the extent to which any Party believes that the cost of such marking or redaction becomes excessive, they may seek relief from the Court after conferring and being unable to come to an agreement on cost sharing with other Parties or other resolution of the cost issue.  To the extent that any Party produces documentation which it reasonably believes is confidential but which is not included in the definition of Confidential Information set forth above, then such Party may designate such documents or electronically stored information as being confidential and it shall be automatically deemed to be Confidential Information for purposes of this Protective Order (including all other adversary proceedings initiated by the Trustee or contested matters in connection with the Debtors' bankruptcies).

4. <u>Challenges to Confidential Information</u>: A party may challenge the confidential designation of any document or electronically stored information by motion filed with the Court ("Challenge Motion").  Documents for which a challenge to Confidential Information contained

therein shall maintain their confidential designation until any Challenge Motion is resolved by this Court. The burden of establishing the confidentiality of any document shall be on the party claiming confidentiality thereof.

5.     Limited Use of Confidential Information: No party shall use any Confidential Information for any purpose other than in connection with litigating the rights, claims and defenses in any "Contested Matter" (as defined below).  Any party desiring to use any Confidential Information other than as provided herein shall file a motion with this Court requesting such relief.  The moving party must demonstrate that adequate safeguards exist to protect the confidential nature of the information.  Notwithstanding anything to the contrary, however, nothing in this Protective Order shall be construed as prohibiting any party from using its own Confidential Information in any way.

6.     Sharing of Confidential Information Produced by the Trustee from the Books and Records of Debtors or Any of their Subsidiaries and Affiliates:  Any party to whom Confidential Information is produced by the Trustee, subject to any further restrictions made by agreement or order in any individual adversary case, may freely share those documents with any other party to (a) any other adversary proceeding now pending or later filed by the Trustee; (b) any contested matter now pending or later initiated within the main Brooke bankruptcy case; and (c) in *Orr v. Riederer* (D. Kan. No. 10-01303) (collectively "Contested Matter") any Confidential Information produced by that party or the Trustee or from the books and records of the Debtors' or any of their direct or indirect subsidiaries or affiliates (including, but not limited to, Aleritas Capital Corporation and Brooke Agency Services Company, LLC) provided that such sharing is done in conjunction with a Contested Matter.  The restrictions contained herein shall not apply to documents produced by the Trustee which are not marked or otherwise designated as Confidential as provided in this Order and all such other documents may be freely shared as set forth above for Confidential Information and also in any other litigation now pending or hereafter filed in any state or federal court where the subject matter is related to the Brooke bankruptcy cases.

7.     Sharing of Confidential Information Produced by Other Parties to the Adversary Proceedings or Contested Matters:  Confidential Information produced by any party to the Trustee or any other party may not be shared with any other party unless written consent is granted by the party producing the Confidential Information, or such party has turned over such information voluntarily to the other parties permitting such use.  Absent such voluntary disclosure by a party or an order of this Court, no party to any contested matter shall be allowed to use Confidential Information of any other party in any matter.  To the extent that a particular party from any adversary proceeding or contested matter desires to review any Confidential Information that another party from any adversary proceeding or contested matter has produced to the Trustee, then the party desiring to see and review such Confidential Information must first contact the producing party to see if appropriate protections may be put in place and, if not, it must then file a motion with the Court demonstrating why cause exists to allow it to use such Confidential Information.  The Trustee shall not be required to produce any such Confidential Information until there has been an order resolving the issue as contemplated in the preceding sentence.  The restrictions contained herein shall not apply to documents produced by any party to the Trustee or another party other than the trustee which are not marked or otherwise designated as Confidential as provided in this Order and all such other documents may be freely

shared in any Contested Matter and also in any other litigation now pending or hereafter filed in any state or federal court where the subject matter is related to the Brooke bankruptcy cases.

       8.    <u>Persons who May See and Use Confidential Information</u>: No party shall reveal or discuss the Confidential Information or information contained therein with any person except with the following: (a) attorneys (including in-house counsel, and paralegals, assistants, stenographic and clerical employees working under the supervision of such counsel) involved in the prosecution or defense of any matter where the information is permitted to be used; (b) any parties' employees, representatives and advisors who need to know such information to permit the party to review and evaluate the information; (c) any person not an employee of a party who is expressly retained or sought to be retained as an independent expert or consultant by counsel for a party to assist in the prosecution or defense of any matter where the information is permitted to be used, with disclosure only to the extent necessary to perform such work; (d) any prospective witness or person who is a deponent or whose deposition has actually been noticed or otherwise scheduled to be taken or any person subpoenaed to testify at trial, provided that such disclosure occurs during the preparation for or at the deposition or trial and is reasonably necessary to the prosecution or defense of the litigation; (e) any court reporter who is retained to transcribe any proceeding in any adversary proceeding or contested matter where the information is appropriately used; (f) any regulatory body during a routine or other lawful examination of the party's records; (g) pursuant to any court order or subpoena; (h) any mediator who mediates any adversary proceeding or contested matter; and (i) with regard to the cases involving securitized loans: the note holders, their attorneys (including in-house counsel, and paralegals, assistants, stenographic and clerical employees working under the supervision of such counsel) and employees, representatives and advisors who need to know such information to permit the note holder to review and evaluate the information. Any party who discloses Confidential Information to those persons identified in subparagraph (c) or (i) above, shall first require a signed agreement that such parties receiving such disclosures shall be bound by the provisions of this Protective Order. Any party who discloses Confidential Information to those persons identified in subparagraph (d) above, shall use their best efforts to require such persons to sign an acknowledgment that such persons receiving such disclosures are bound by the provisions of this Protective Order.

       9.    <u>Use of Confidential Information in Pleadings</u>: To the extent that any Confidential Information cannot be reasonably redacted from a particular document which is intended to be used as an exhibit in a pleading or at trial, then any party wishing to reference or use such Confidential Information shall first contact the party that produced the Confidential Information prior to the filing in order to work out reasonable precautions that can be taken to maintain the confidentiality of the Confidential Information. If the parties are unable to agree to reasonable precautions to protect the confidentiality of the Confidential Information, then the party shall file the Confidential Information and/or the pleading referencing information contained in the Confidential Information under seal. Notwithstanding the foregoing, nothing in this paragraph shall prohibit any party from including any Confidential Information in any pleading filed with the Court if the party making the filing is the party that originally produced the Confidential Information.

       10.    <u>Use of Confidential Information in Depositions</u>: If any of the Confidential Information, or information contained therein, is used or referenced in a deposition, the party that

produced the Confidential Information used or referenced may request that the portion of the Deposition transcript in which the Confidential Information is used or referenced be designated as "Confidential." Any portion of any deposition transcript so designated shall be treated as a Confidential document pursuant to this agreement. A party may have up to and including fourteen (14) days following its receipt of a final deposition transcript to designate any portions of the transcript as being "Confidential." Failure to make such designation by the fourteen (14) day deadline shall mean the party is deemed to have waived any assertion that such information it produced is confidential.

      11. <u>Disclosure of Confidential Information Pursuant to Subpoena or Other Legal Process</u>: If any party is compelled by a subpoena or other legal process to disclose any Confidential Information covered by this Protective Order, such party shall immediately provide written notice of such legal process to the party that originally produced the information such that the original producing party may appear and contest disclosure. Notwithstanding the foregoing, if a party is, in the opinion of its counsel, compelled to disclose any portion of the information upon pain of liability for contempt or other censure or penalty, or the court, or other governmental or regulatory body prohibits or otherwise bars notice of disclosure, then the party may disclose such portion of the information to the relevant court, or other tribunal without liability hereunder and no notice of disclosure shall be given to the original producing party provided that applicable law prohibits disclosure.

      12. <u>Irreparable Harm due to Unauthorized Disclosure of Confidential Information</u>: There is a high degree of likelihood that any unauthorized dissemination or use of the Confidential Information would cause irreparable damage to the party that originally produced such Confidential Information. Therefore, in the event of any breach of these provisions, the party that originally produced the Confidential Information shall have the right, without limiting any other rights or remedies at law or in equity, to seek an immediate injunction enjoining such breach.

      13. <u>Destruction of Confidential Information</u>: Parties shall make reasonable and good faith efforts to ensure that all Confidential Information and copies thereof are destroyed or returned to the party that originally produced the information within sixty (60) days of a final, non-appealable conclusion of the litigation in which it is used unless applicable law, regulation or other court order requires retention of such documents for a longer period of time. If a party is required to maintain such records for a longer period of time, then such party shall make reasonable and good faith efforts to ensure that records shall be immediately destroyed by such party and at its expense at the conclusion of such period. Notwithstanding the foregoing, if a party reasonably believes it is necessary to maintain all or part of the Confidential Information for purposes of a Contested Matter, the party may retain such Confidential Information but shall continue to be bound by the terms of this Protective Order for so long as that party maintains possession thereof.

      14. <u>Inapplicability of Confidentiality Provisions</u>: These confidentiality provisions shall not be read to restrict in any way any producing party's treatment of its own documents or information.

15. <u>Non-waiver of Privilege as to Other Non-Produced Documents</u>: The production (whether intentional or inadvertent) by any party of any Confidential Information which is also protected by any applicable privilege (including, but not limited to, the attorney-client privilege, the attorney-work product privilege, and/or the accountant-client privilege) shall not be deemed to be a waiver of that privilege with respect to any other document or other information that is protected by that privilege and that is not produced by such party.

16. <u>Non-Waiver of Privilege for Any Documents Produced</u>: The Trustee has previously waived the attorney-client privilege with respect to any communications of the Debtors prior to September 17, 2008.  Except for such communications for which the privilege is waived in accordance with Fed. R. Evid. 502(d) and Fed. R. Civ. Proc. 26(b)(5)(B), if any party, whether inadvertent or otherwise, produces any materials which that party claims contains privileged or protected information (including, but not limited to, the attorney-client privilege, the attorney work product privilege, and/or the accountant-client privilege), then the party making the production shall immediately notify the recipient of the information of the claim and the basis for the claim.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if it was disclosed before the party received notification; and may present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.  Any disclosure made by the recipient of the materials before notice is received from the producing party of the claim that the materials produced are privilege or protected, shall not constitute a waiver of any privilege and protection that may apply to any portion of the privileged information on or after the original date of production.   A party's return of the alleged privileged discovery material shall not be construed as an acknowledgement or admission that the material is, in fact, privileged or that the disclosures was, in fact, inadvertent   Pending resolution of such a dispute by the Court, the discovery shall be treated as privileged.

17. <u>Applicability of these Confidentiality Provisions to Parties Reviewing Documents on the Brooke Management System ("BMS") or Any Other Brooke Data or Documents Produced by the Trustee to Any Party</u>.  Pursuant to the Bankruptcy Court's Order (Docket No. 721), the Brooke Management System ("BMS") was sold to DocStar LLC.  Any party desiring to access and view documents contained on BMS or any other data or documents of the Debtors (including their subsidiaries and affiliates) produced by the Trustee to any party shall be subject to all of the foregoing confidentiality provisions which are applicable to the Debtors' books and records.

18. <u>No Admission</u>.  Nothing in this Protective Order nor the designation of any item or document shall be construed as an admission by any party with regard to any issue of fact or law, except as such admission may relate to the parties' obligations under this Protective Order, and neither this Protective Order nor any designation pursuant to it shall be admissible in any adversary proceeding or contested matter except to enforce the terms of this Protective Order.

19. <u>Violation</u>.  Any party found in violation of this Protective Order may be held in contempt of Court and may be liable for all damages caused by or resulting from such violation.

20. <u>Amendment</u>.  Any paragraph, provision or procedure set forth in this Protective Order may be amended or modified by the Court upon motion by any party and appropriate notice to parties.

IT IS SO ORDERED this 26th day of April, 2012.

    /s James P. O'Hara\_\_\_\_
James P. O'Hara
United States Magistrate Judge

Submitted by:

s/ Michael D. Fielding
Douglas Schmidt
Benjamin F. Mann
John J. Cruciani (#16883)
Michael D. Fielding (#20562)
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000; FAX (816) 983-8080
douglas.schmidt@huschblackwell.com
benjamin.mann@huschblackwell.com
john.cruciani@huschblackwell.com
michael.fielding@huschblackwell.com

*Attorneys for Trustee*

s/ Mark A. Shaiken
Mark A. Shaiken (KS #11011)
STINSON MORRISON HECKER LLP
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Tel: (816) 842-8600
Fax: (816) 691-3495
Email: mshaiken@stinson.com

-and-

ULMER & BERNE LLP
Joseph A. Castrodale (Ohio #0018494)
Richard G. Hardy (Ohio #0021920)
John M. Alten (Ohio #0071580)
Todd A. Atkinson (Ohio #0077374)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44114
Tel: (216) 583-7000
Fax: (216) 583-7001 (fax)
Email: jcastrodale@ulmer.com
rhardy@ulmer.com
tatkinson@ulmer.com

*Attorneys for Progressive Casualty Insurance Company*